## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

BENYAMIN STEINMETZ, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

HARVARD COLLECTION SERVICES, LLC,

Defendant.

Civil Action No:

1:23-cv-1358 (MAD/DJS)

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Benyamin Steinmetz (hereinafter, "Plaintiff") brings this Complaint by and through his attorneys against Defendant Harvard Collection Services, LLC (hereinafter, "Defendant"), individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id.* at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Ulster.

8.      Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA, who's registered agent in New York is Corporation Service Company, located at 80 State Street, Albany, NY, 12207.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

  a. All individuals with addresses in the State of New York;

  b. Who received a collection communication from the Defendant;

  c. Which contained contradictory statements regarding the amount of time to dispute the debt or to request for validation; and

  d. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal

issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

a.     **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c.     **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

4

d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

### *March 24, 2023 Collection Letter*

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Sometime prior to March 24, 2023, Plaintiff incurred an alleged debt to Consolidated Edison Company ("Con-Ed").

22.     The alleged debt was incurred solely for personal, household or family purposes.

23.     The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     Upon information and belief, Con-Ed contracted with Defendant for the purpose of collecting a debt.

25.     On March 24, 2023, Defendant mailed a collection communication to the Plaintiff to collect on the Con-Ed Debt. A true and accurate copy of this letter is attached as Exhibit A, hereinafter, "Letter."

26.     Defendant's Letter states that the Plaintiff has until May 3, 2023, to dispute the underlying debt or to request documents to validate the underlying debt. *See* Exhibit A at 1.

27.     Further down in the Letter though, the Defendant sets forth a settlement offer, which contradicts and overshadows the prior validation period stated in the Letter. *See id*.

28.     The Letter includes a settlement offer in, which it also states is the deadline to request validation or to dispute:

> CONSOLIDATED EDISON COMPANY has authorized us to resolve your account, in full, for 50% of the Amount Due. To accept this offer you need to make a lump sum payment of $383.12. We are not obligated to renew this offer.

> **This settlement offer does not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described above.**

*See id*. (emphasis added).

29.    The statements made in the settlement offer is inconsistent with the previous statements made, which gave the Plaintiff until May 3, 2023, not 30 days after receipt of the Letter, to dispute or to request validation.

30.    Such practice in collection communication is in violation of 15 U.S.C. § 1692g.

31.    Pursuant to 15 U.S.C. § 1692g(b):

> Any collection activities and communication during the **30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

32.    By providing a different time frame for the Plaintiff to dispute or request validation of the debt, Defendant overshadowed and acted inconsistently with the disclosures stated in its Letter.

33.    Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34.    Pursuant to 15 U.S.C. § 1692e(10), "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

35.    Defendant acted deceptively by overshadowing its own disclosures in providing a time frame to dispute or validate the debt by providing a limited-time settlement offer, in violation of 15 U.S.C. § 1692g(b).

36.     Consumers have the right to request more information regarding a debt or to dispute a dispute, and providing a settlement offer with an expiration before a consumer can request for validation or to dispute, Defendant violated 15 U.S.C. § 1692e.

37.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38.     By sending the Letter, Defendant acted unfairly and unconscionably by overshadowing the rights granted to consumers during the validation period.

39.     Because Defendant's Letter is inconsistent and overshadows the Plaintiff's right to dispute the debt or request the name and address of the original creditor during the validation period, Defendant violated multiple provision of the FDCPA.

*Plaintiff's Damages*

40.     As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

41.     As a result, Plaintiff was unable to determine precisely what his rights were under the validation period, given the conflicting information.

42.     Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

43.     When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

44.     This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

45.     To that end, one important element of consumer protection revolves around keeping the consumer informed.

46.     When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

47.     However, when a debt collector withholds key information about the debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

48.     Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

49.     As a result of Defendant's multiple FDCPA violations, Plaintiff was unable to evaluate his options of how to handle this debt.

50.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

51.     Furthermore, the Plaintiff disputes this debt in its entirety and the inclusion of the proper required information not only could have shed some light on this alleged debt but would have given him the proper mechanisms to dispute the debt.

52.     These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

53.     Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

54.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

55.    As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

56.    Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

57.    Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

58.    Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

59.    Plaintiff was confused and misled to his detriment by the statements in the Letter and relied on the contents of the Letter to his detriment.

60.    Plaintiff would have pursued a different course of action were it not for Defendant's violations.

61.    Because of Defendant's conduct, Plaintiff expended time and money in determining the proper course of action.

62.    In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

63.    In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

64.    Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's demand for payment of this debt.

65.    Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

66.    When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

67.    As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

68.    Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

69.    As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

70.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

72.     Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

73.     Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

74.     Thus, Defendant violated 15 U.S.C. § 1692e:

    a.     By providing two different validation periods in the Letter, one of which must be incorrect and a misrepresentation of the Plaintiff's rights; and

    b.     By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing itself.

75.     By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

76.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78.     Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

79.     Thus, Defendant violated 15 U.S.C. § 1692f:

    a.      By unfairly and unconscionably infringing on Plaintiff's rights to dispute the debt or to request more information during the validation period; and

    b.      By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing each other.

80.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

<u>**COUNT III**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g *et seq.***

81.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

82.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83.    Pursuant to 15 U.S.C. § 1692g(b):

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

84.    Thus, Defendant violated 15 U.S.C. § 1692g:

    a.      By providing a different time frame to request validation or to dispute the underlying debt within the same Letter, which overshadows and is inconsistent with the original time frame provided.

85.    By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

86.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benyamin Steinmetz, individually and on behalf of all other similarly situated, demands judgment from the Defendant as follows:

1.     Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2.     Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.     Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.     Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.     Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6.     Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  October 31, 2023                              Respectfully submitted,

                                                      **STEIN SAKS, PLLC**
                                                      */s/ Tamir Saland*
                                                      By: Tamir Saland, Esq.
                                                      One University Plaza, Suite 620
                                                      Hackensack, NJ 07601

Phone: 201-282-6500
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*